IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 09-cr-00497-REB

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1.  **RICK GLEN STRANDLOF**
   aka **RICK DUNCAN**,

   Defendant.

___

### SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S
### MOTION TO DISMISS INFORMATION
___

  The Defendant, Rick Glen Strandlof, by and through his attorney, Robert W. Pepin, submits the following as supplemental authority in support of his Motion to Dismiss Information (Docket No. 13) (filed on December 2, 2010).

**I.  Introduction**

  On April 20, 2010, the Supreme Court issued the enclosed opinion in *United States v. Stevens*, ____ S.Ct. ____, 2010 WL 1540082 (April 20, 2010). The decision nullified a 1999 federal law by Congress criminalizing the commercial creation, sale, or possession of depictions of animal cruelty because the statute was substantially overbroad, and thus, facially invalid under the First Amendment protection of speech.

  Because this case specifically addresses several of Mr. Strandlof's arguments, he believes that this authority is highly relevant to the Court's determination of his Motion to Dismiss Information. Mr. Strandlof therefore submits the attached opinion in support of his motion.

**II.     Argument**

The opinion in *United States v. Stevens* was issued after the government filed its supplemental briefing and responses to both *Amicus Curiae* briefs by the ACLU of Colorado and the Rutherford Institute. In its responses, the government asserts that the *Stolen Valor Act* is not unconstitutional because the law neither reaches protected speech nor violates the overbreadth doctrine. As illustrated by *United States v. Stevens*, the government's argument is unpersuasive.

In *Stevens*, the Court considered an animal abuse law Congress had passed in an attempt to curb interstate trafficking of "crush videos," videos showing the actual killing of cats, dogs, and other small animals by stomping or other intensely cruel methods. *See id.* at slip. op. * 2. The Court nullified the law, concluding that it "creates a criminal prohibition of alarming breadth" and forbade speech far beyond the intended depictions. *Id.* The Court found that the law was so broadly worded that its enforcement could reach many kinds of portrayals that did not even involve cruelty, and might not even involve anything that was illegal. *Id.* Limiting the law's reach to those depictions, the opinion said, would require an "unrealistically broad reading." *Id.* Also, noting that the government had given assurances that it would enforce the law only against commercial portrayals of "extreme cruelty," the Court responded that it would not uphold an unconstitutional law "merely because the government promises to use it responsibly." *Id.* at slip. op. * 13.

Here, the *Stolen Valor Act* suffers the same defects as the animal cruelty statute in *Stevens*. Specifically, section 704(b) is over-inclusive because it is not explicitly limited by its terms to false claims of receipt of military decoration for fraudulent purposes. The plain meaning of the statute criminalizes any false claim of any military award or service medal, regardless of deceitful intent.

Nor is it narrowly tailored to advance the government's interest in protecting the reputation of military awards that honor the true bravery and heroic sacrifice of individual soldiers.  The statute criminalizes activities involving the wearing, acquiring, attempts to acquire, or claiming to have been awarded "**any** decoration or medal, authorized by Congress for the armed forces of the United States, or **any** service medals or badges awarded to members of such forces, or the ribbon, button, or rosette of any such badge, decorations, or medal."  18 U.S.C. § 704(a) and (b) (emphasis added).  Such decorations or medals are awarded for a wide variety of reasons.  Some, as in the case of the Congressional Medal of Honor and the Silver Star, are awarded for valor exhibited by the recipient on the battlefield.  Others, such as the Army Good Conduct Medal, are given to any enlisted member of the United States army who has served three consecutive years.  USAMilitaryMedals.com, http://www.usamilitarymedals.com/army-good-conduct-medal-p-14.html?ummID=040fddd0435d03626ca911df41d9bf9e.

In fact, a review of the website cited above reveals that a larger percentage of medals available to be awarded to persons who serve in the armed forces have nothing to do with valorous services.  They are awarded for merit or effort or simply being in the service during a certain period of history or for serving in a unit which once served honorably or well.  All veterans have a right to be proud of the service they gave this country.  Most, if not all veterans, are awarded a medal of some kind.  A relative few veterans received their awards as a result of valorous conduct.  Consequently, any discussions or arguments concerning this statute which are confined to Congressional recognition of valorous activity are too limited.  The statute criminalizes any claim of award, acquisition, sale, etc. of any of these decorations of any kind.

Awards associated with valorous acts are but a small percentage of the potential sweep of this statute. Even a veteran falsely claiming to have been on active duty during a designated wartime period could be in violation since the National Defense Service Medal is awarded to all service members on active duty during designated time periods during the Korean War, Vietnam War, Gulf War, and the War on Terrorism. *Id.*, http://www.usamilitarymedals.com/national-defense-service-medal-p-39.html?ummID=040fddd0435d03626ca911df41d9bf9e.

Further, the government has asserted that false speech simply has no protection at all under the First Amendment. The government in *Stevens* made a similar argument and suggested that a given category of speech only enjoys First Amendment protection depending on the balance between the value of the speech against its societal costs. The Court in *Stevens* rejected that argument stating that

> [t]he First Amendment's guarantee of free speech does not extend only to categories of speech that survive an ad hoc balance of relative costs and benefits. The First Amendment itself reflects a judgment by the American people that the benefits of its restrictions on the Government outweigh the costs. Our Constitution forecloses any attempt to revise that judgment simply on the basis that some speech is not worth it.

Contrary to the government's argument, the Court in *Stevens* makes clear that the mere unworthiness of a statement is insufficient to take that statement outside the scope of First Amendment protection.

### III.     Conclusion

This Court should hold that section 704(b) of the *Stolen Valor Act* has been improperly enacted by Congress, and therefore any criminal prosecution predicated on the unconstitutional statute cannot stand.  Whether Mr. Strandlof did *in fact* make a false claim that he received military award is irrelevant to the constitutionality of the statute.

>Respectfully submitted,
>
>RAYMOND P. MOORE
>Federal Public Defender
>
>
>s/ Robert W. Pepin
>ROBERT W. PEPIN
>Office of the Federal Public Defender
>633 - 17th Street, Suite 1000
>Denver, Colorado   80202
>Telephone:  (303) 294-7002
>FAX:  (303) 294-1192
>E-mail:  Robert_Pepin@fd.org
>Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2010, I electronically filed the foregoing

**SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS INFORMATION**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jeremy S. Sibert, Assistant U.S. Attorney
Jeremy.Sibert@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Richard Glen Strandlof
c/o Independence House

> s/ Robert W. Pepin
> ROBERT W. PEPIN
> Assistant Federal Public Defender
> Attorney for Defendant
> 633 - 17th Street, Suite 1000
> Denver, Colorado 80202
> (303) 294-7002
> (303) 294-1192
> Robert_Pepin@fd.org